Tino X. Do (SBN 221346)
Allan D. Shuldiner (SBN 252259)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, CA 94502
Telephone: (510) 906-4710
Email: tdo@sjlawcorp.com
Email: ashuldiner@sjlawcorp.com

Attorneys for Plaintiffs Pension Plan for
Pension Trust Fund for Operating Engineers, et al.

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSION PLAN FOR PENSION TRUST FUND FOR OPERATING ENGINEERS; JAMES E. MURRAY and DAN REDING, as Trustees,<br><br>Plaintiffs,<br><br>vs.<br><br>KINO AGGREGATES, INC., a forfeited Nevada corporation; RHINO TRUCKING, a suspended California corporation; TRINCO, INC., a suspended California corporation; OAKRIDGE VILLAGE, a California Limited Partnership; C.V. ESTATES, a California Limited Partnership; NOBLE LAND COMPANY, INC., a suspended California corporation; NIC DEVELOPMENT PARTNERS, a California Limited Partnership; ELEANOR DOROTHY PLANT, an individual; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT** |

## INTRODUCTION

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C §§1001-1461 (1982).

1

\\SJLAW-FILES\Public\CLIENTS\OE3WL\CASES\Kino Aggregate\Pleadings\Kino Aggregate - Complaint.doc

Withdrawal Liability

In order to protect plan participants and the Federal Pension Benefit Guaranty Corporation, effective September 26, 1980, Congress created withdrawal liability for employers that withdraw from multiemployer pension plans in a complete or partial withdrawal. Due to the importance Congress attributed to those goals, it included two special provisions not generally available to creditors to ensure that withdrawal liability could actually be collected.

Under ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1), all trades or business under common control are to be treated as a single employer.  Thus, members of the withdrawn employer's controlled group are jointly and severally liable for the withdrawal liability.  *Bd. of Trs. of W. Conf. Pension Trust Fund* v. *LaFrenz,* 837 F.2d 892, 894 (9th Cir. 1988); *Bd. of Trs. of W. Conf. Pension Trust Fund* v. *H.F. Johnson, Inc.*, 830 F.2d 1009, 1013 (9th Cir. 1987).

ERISA also contains a mandatory arbitration provision if an employer wishes to challenge the withdrawal liability determination.  To make such a challenge, an employer must request review within ninety (90) days from receiving the notice of the withdrawal liability assessment pursuant to ERISA § 4219(b)(2), 29 U.S.C. § 1399(b)(2), and any dispute concerning the pension plan's determination of withdrawal liability must be resolved through arbitration timely initiated under ERISA § 4221(a), 29 U.S.C. § 1401(a).

Defendant Kino Aggregates, Inc. ("Kino"), a Nevada corporation, was a participating employer in the Pension Plan for Pension Trust Fund for Operating Engineers ("Pension Plan").  In or about 2016, Kino incurred a complete withdrawal from participation in the Pension Plan, thereby triggering the Pension Plan to assess withdrawal liability against Kino and all members of its controlled group for the sum of $1,190,288.72 under ERISA §4205(a)(1) and (b)(1), 29 U.S.C. §1385(a)(1) and (b)(1).  By letter dated March 23, 2021 ("Assessment"), Plaintiff Pension Plan notified Kino of the assessed withdrawal liability.

On May 14, 2021 and on July 23, 2021, Plaintiffs notified Kino that because Kino's corporate status was forfeited, indicating that it was currently out of business, and that it had not

2

1   made its first quarterly withdrawal liability installment payment, the Pension Plan accelerated the

2   entire unpaid withdrawal liability.

3   Defendant Kino did not request review of the assessment or initiate arbitration. As of the

4   filing of this Complaint, Kino is in default on the outstanding withdrawal liability. Plaintiffs

5   therefore seeks a money judgment against Kino and each member of Kino's controlled group for an

6   award of the entire assessed withdrawal liability, plus the mandatory add-ons of interest on the

7   unpaid withdrawal liability, an amount equal to the greater of interest or liquidated damages of

8   20%, reasonable attorney's fees and costs of the action.

9   <u>Failure to Provide Requested Information</u>

10   ERISA § 4219(a), 29 U.S.C. § 1399(a), requires an employer to provide the pension plan

11   with all information the pension plan reasonably determines to be necessary to enable the plan

12   sponsor to comply with the requirements of Title IV of ERISA, including the determination and

13   collection of withdrawal liability. The Pension Plan requested information concerning Kino's

14   controlled group, which Defendants have not provided, in violation of ERISA § 4219(a), 29 U.S.C.

15   § 1399(a). The Pension Plan therefore seeks an order compelling Defendants to provide the

16   requested information.

17   **PARTIES**

18   1.   The Pension Plan is an employee benefit plan as defined in ERISA §3(3), 29 U.S.C.

19   §1002(3), an "employee benefit pension plan" as defined in of ERISA §3(2), 29 §U.S.C. 1002(2);

20   and a "multiemployer plan" as defined in ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C. §§1002(37)

21   and 1301(a)(3).  The Pension Plan is jointly administered and is maintained pursuant to the Labor

22   Management Relations Act §302(c), 29 U.S.C. §186(c).

23   2.   Plaintiffs James E. Murray and Dan Reding are members of the Board of Trustees of

24   Pension Plan, the "plan sponsor" within the meaning of ERISA §§3(16)(B)(iii) and 4001(a)(10)(A),

25   29 U.S.C. §§1002(16)(B)(iii) and 1301(a)(10)(A). They are therefore, fiduciaries of the Pension

26   Plan under ERISA §§3(21)(A) and 402(a), 29 U.S.C. §1002(a).  As Trustees of the Pension Plan,

27   they are empowered to bring this action on behalf of the Pension Plan pursuant to ERISA

28

COMPLAINT
CASE NO.

§4301(a)(1) - (b) and §502(a)(3), 29 U.S.C. §§1132(a)(3) and 1451(a)(1) - (b).

3.    Defendant Kino Aggregates, Inc. is a forfeited Nevada corporation with a business address of 711 Carson St., Ste. 6, Carson City, NV 89701.  Kino is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

4.    Defendant Rhino Trucking is a suspended California corporation with a business address of 7229 Dantoni Rd., Marysville, CA 96901.  Rhino Trucking is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

5.    Defendant Trinco, Inc. is a suspended California corporation with a business address of 2700 Athens Rd., Lincoln, CA 95648.  Trinco, Inc. is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

6.    Defendant Oakridge Village is a California limited partnership with a business address of 2700 Athens Rd., Lincoln, CA 95648.  Oakridge Village is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

7.    Defendant C.V. Estates is a California limited partnership with a business address of 2700 Athens Rd., Lincoln, CA 95648.  C.V. Estates is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

8.    Defendant Noble Land Company, Inc. is a suspended California corporation with a

4

COMPLAINT
CASE NO.

business address of 2841 Sienna Way, Yuba City, California.  Noble Land Company is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

9.     Defendant NIC Development Partners is a California limited partnership with a business address of 523 J Street, Marysville, CA 95901.  NIC Development Partners is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

10.     Defendant Eleanor Dorothy Plant ("Eleanor Plant") is an individual and California resident Eleanor Plant is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

11.     Plaintiffs are informed and believe that Defendants Kino, Rhino Trucking, Trinco., Inc., Oakridge Village, C.V. Estates, Noble Land Company, NIC Development Partners and Eleanor Plant (collectively, Defendants) are treated as a single employer under common control and are jointly and severally liable for Defendant Kino's withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

12.     Defendants DOES 1 through 10 are entities and/or other persons that are within the same controlled group as Kino under ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1). Kino has failed to provide sufficient information regarding the identities of entities and persons within the same controlled group as Kino as requested by Plaintiffs in accordance with ERISA §4219(a), 29 U.S.C. §1399(a). Thus, Plaintiffs presently do not know the identities of such entities or persons.  Plaintiffs are using fictitious names for the Defendants because Plaintiffs are unable to ascertain their true identity at this time.  Pursuant to Fed. R. Civ. Proc. 15(a), Plaintiffs will amend the Complaint to add the true name of the additional defendants once their identities are discovered.

COMPLAINT
CASE NO.

\\SJLAW-FILES\Public\CLIENTS\OE3WL\CASES\Kino Aggregate\Pleadings\Kino Aggregate - Complaint.doc

**JURISDICTION**

13.     Jurisdiction is conferred upon this Court over the claims asserted by the Plaintiffs by virtue of ERISA §§4301(c) and 502, 29 U.S.C. §§1451(c) and 1132.  Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, redress Defendants' violations of ERISA, and all other appropriate legal or equitable relief under ERISA.

14.     To the extent jurisdiction over any claim does not exist under ERISA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

**VENUE**

15.     Venue is conferred upon this Court by ERISA §§4301(c) and 502(e)(1), 29 U.S.C. §§1451(d) and 1132.  Where an action is brought under ERISA §§4301 and 502, 29 U.S.C. §§1451 and 1132 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the Plan is administered, where the breach took place, or where a defendant resides or may be found.  Process may be served nationwide in any district where a defendant resides or may be found.  The Plaintiff Pension Plan, on whose behalf the Trustees brings this action, is administered in this district at its principal place of business in Alameda, California.  Thus, jurisdiction and venue are properly grounded with this Court.

**INTRADISTRICT ASSIGNMENT**

16.     Assignment to the San Francisco/Oakland Division is appropriate pursuant to Civil Local Rule 3-2(d) because a substantial part of the events and omissions giving rise to the Plaintiffs' claims occurred in Alameda County, California where the Plaintiff Trust Funds are administered.

**FACTUAL ALLEGATIONS**

17.     Defendant Kino was a participating employer in the Plan pursuant to a collective bargaining agreement ("Bargaining Agreement") with the Operating Engineers Local Union No. 3 ("Union"). The Union is a labor organization as defined in the NLRA § 2(5), 29 U.S.C. § 152(5),

6

COMPLAINT
CASE NO.

that represents employees in an industry affecting interstate commerce. Kino was obligated and did make contributions to the Plan on behalf of its employees that were covered under the Bargaining Agreement.

18.     In or about 2016, Kino made a complete withdrawal from participation in the Pension Plan under ERISA §4203, 29 U.S.C. §1383.

19.     Plaintiffs are informed and believe that Kino registered with the California Secretary of State on April 3, 2003 as a foreign Nevada corporation and that Kino's status with the California Secretary of State is currently forfeited and its status with the Nevada Secretary of State is revoked.

20.     By written notice dated March 23, 2021 ("Assessment"), Plaintiff Pension Plan notified Kino of the withdrawal liability assessed pursuant to ERISA §§4201-4203, 29 U.S.C. § 1381, et seq.  Specifically, the Pension Plan notified Kino of the following in its Assessment, which is attached hereto as **Exhibit 1** and incorporated herein by this reference:

(a)     The Pension Plan had a fiscal year running from January 1 through December 31 and therefore, the withdrawal liability is calculated as of December 31, 2015, as required by ERISA §4211(b)(2)(A), 29 U.S.C. §1391(b)(2)(A).

(b)     The withdrawal liability of Kino in the amount of $1,190,288.72 could have been paid in a lump sum on or before May 1, 2021, or in quarterly installments as follows:

| | |
|---|---|
| $27,153.03 | May 1, 2021 |
| $27,153.03 | August 1, 2021 |
| $27,153.03 | November 1, 2021 |
| $27,153.03 | February 1, 2022 |
| $27,153.03 | Each successive quarter through February 1, 2041 |

(c)     Kino had the option of challenging the calculation of the withdrawal liability by requesting review within ninety (90) days from receiving the initial or further notice of the withdrawal liability assessment as provided by ERISA §4219(b)(2), 29 U.S.C. §1399(b)(2).

(d)     Any dispute concerning a determination of withdrawal liability must be resolved through arbitration provided that the employer requested review and arbitration was timely initiated under ERISA §4221(a), 29 U.S.C. §1401(a).

7

COMPLAINT
CASE NO.

(e)    Information and documents relating to all trades and businesses under common control with Kino were required to be provided within thirty (30) days pursuant to ERISA §4219(a), 29 U.S.C. §1399(a).

21.    In order to initiate arbitration under ERISA §4221(a)(1), 29 U.S.C. §1401(a), an employer must first request review of the assessed withdrawal liability. Section XIV of the Pension Plan's Withdrawal Liability Procedures mirrors ERISA §4219(b)(2)(A), 29 U.S.C. §1399(b)(2)(A), which requires an employer's request for review to be in writing.  Neither Kino, nor any member of its controlled group, requested review and therefore they are precluded from initiating arbitration and the time to do so has expired.

22.    Neither Kino nor any member of its controlled group made any of the required quarterly installment payments, or provide sufficient information regarding controlled group members.

23.    On May 14, 2021 and again on July 23, 2021, Plaintiffs notified Kino in writing that, pursuant to Section XII of the Pension Plan's Withdrawal Liability Assessment procedures (attached as Exhibit B to the March 23, 2021 Notice of Assessment), ERISA § 4219(c)(5)(b), 29 U.S.C. §1399(c)(5)(b) and PBGC § 4219.31(b)(2), the entire unpaid withdrawal liability was accelerated, and the entire unpaid amount of $1,190,288.72, plus interest and liquidated damages, was immediately due and payable, because Kino's corporate status was forfeited and it had failed to make its quarterly installment payment of $27,153.03, which indicated a substantial likelihood that it would be unable to pay its withdrawal liability. These written notices dated May 13, 2021 and July 23, 2021 are attached hereto as **Exhibit 2 and Exhibit 3**, respectively and incorporated herein by this reference. As of the filing of this Complaint, Defendants have not made any of the required withdrawal liability payments and thus are in default under ERISA §4219(c)(5), 29 U.S.C. §1399(c)(5).

///

///

///

COMPLAINT
CASE NO.

**FIRST CAUSE OF ACTION**
**By the Pension Plan and its Trustees Against Defendants**
**for Violation of ERISA §4219, 29 U.S.C. §1381:**
**Request for Payment of Withdrawal Liability, Interest,**
**Liquidated Damages, Attorneys' Fees and Costs**

24.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 23, above.

25.     In or about 2016, Defendant Kino made a "complete withdrawal" from the Pension Plan as that term is defined in ERISA §4203, 29 U.S.C. §1383, et seq.

26.     On March 23, 2021, Plaintiffs assessed withdrawal liability against Defendant Kino, and all members of Defendant Kino's controlled group and thereafter declared Defendants to be in default and accelerated payments pursuant to ERISA § 4219(c)(5)(b) and PBGC § 4219.31(b)(2).

27.     To date, Defendants have not paid any of the assessed withdrawal liability. Thus, Defendants and each other member within Kino's controlled group, are in default and are jointly and severally liable for the entire amount of the unpaid withdrawal liability under ERISA §§ 4219(c)(5) and 4001(b)(1), 29 U.S.C. §§1399(c)(5) and 1301(b).

28.     Accordingly, Plaintiffs seek judgment against Defendants for the entire amount of the unpaid withdrawal liability of $1,190,288.72, plus accrued interest from the due date of the first delinquent payment pursuant to ERISA §§4219(c)(5) and 502(g)(2), 29 U.S.C. §§1399(c)(5) and 1132(g)(2).

29.     ERISA §4301(b), 29 U.S.C. §1451(b) provides that an action involving an employer's failure to timely make withdrawal liability payments shall be treated in the same manner as a delinquent contribution within the meaning of ERISA §515, 29 U.S.C. §1145.  Thus, Defendants are also liable for interest, liquidated damages and costs, including reasonable attorneys' fees, pursuant to ERISA §§4301(b) and 502(g)(2), 29 U.S.C. §§1301(b) and 1132(g)(2). The Pension Plan provides for interest at the rate of 10% per annum, and for liquidated damages in an amount equal to the greater of 20% of the total unpaid withdrawal liability or interest on the total unpaid withdrawal liability.

30.     The Pension Plan, therefore, seeks a money judgment against Defendants for an award of the entire balance of the unpaid withdrawal liability less any credits for recoveries

COMPLAINT
CASE NO.

received before the time of judgment, plus interest, an amount equal to the greater of interest or liquidated damages, and costs, including attorneys' fees.

**SECOND CAUSE OF ACTION**
**By the Pension Plan and its Trustees Against Defendants**
**for Violation of ERISA §4219(a), 29 U.S.C. §1399(a):**
**Failure to Provide Required Information under ERISA**

31.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 30, above.

32.     In violation of ERISA §4219(a), 29 U.S.C. §1399(a), Defendant Kino has failed to provide the Pension Plan with all necessary information requested by the Pension Plan relating to any member within Kino's controlled group under ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1) and any transactions to evade its withdrawal liability under ERISA §4212, 29 U.S.C. §1392.

33.     The failure of Defendants to make the quarterly withdrawal liability payments and provide information regarding controlled group members in accordance with ERISA §4219(c)(2), 29 U.S.C. §1399(c)(2) has caused the Pension Plan to sustain loss of investment income and incur administrative and legal expenses.

34.     Defendants' failure to comply with the law has caused the Pension Plan to suffer immediate, continuing, and irreparable injury, and Plaintiff Pension Plan is without an adequate remedy at law.

35.     Due to Defendants' failure to provide sufficient information, Pension Plan is required to name its unknown controlled group members as fictitious defendants until their true identities can be discovered.

36.     Thus, injunctive relief as prayed for below is proper.

**PRAYER**

WHEREFORE, Plaintiffs pray for the following relief:

1.     For a judgment in favor of the Pension Plan and its Trustees providing that Defendant Kino as well as all other members of Defendant Kino's controlled group are jointly and severally liable to immediately pay to the Pension Plan the following sums:

(a)     The unpaid withdrawal liability of $1,190,288.72, less any credits for

COMPLAINT
CASE NO.

\\SJLAW-FILES\Public\CLIENTS\OE3WL\CASES\Kino Aggregate\Pleadings\Kino Aggregate - Complaint.doc

1   recoveries received before the time of judgment;

2         (b)    Interest at the rate of 10% simple interest per annum pursuant to ERISA

3   §§4219(c)(5)-(6) and 502(g)(2), 29 U.S.C. §§1399(c)(5) and (6) and 1132(g)(2);

4         (c)    Pursuant to ERISA §§4301(b) and 502(g)(2), 29 U.S.C. §§1451(b) and

5   1132(g)(2), liquidated damages equal to the greater of:

6               i.    The accrued interest on the unpaid withdrawal liability as of the due

7                   date of the first withdrawal installment payment which was not

8                   timely made, or

9              ii.    An amount equal to twenty percent (20%) of the amount of unpaid

10                  withdrawal liability; and

11        (d)    Attorneys' fees and costs incurred by the Pension Plan in connection with

12  this action as required by ERISA §§4301(e) and 502(g), 29 U.S.C. §§1451(e) and 1132(g).

13        2.    For injunctive relief ordering Defendants to provide all of the documentation and

14  information requested by the Pension Plan, including but not limited to information regarding all

15  trades or businesses which are within Defendant Kino's controlled group as defined in ERISA

16  §4001(b)(1), 29 U.S.C. §1301(b), and any transactions to evade its withdrawal liability under

17  ERISA §4212, 29 U.S.C. §1392.

18        3.    Such other relief as this Court deems appropriate.

19  Dated: August 31, 2021                SALTZMAN & JOHNSON

20                                    LAW CORPORATION

21                          By:  /S/ Allan D. Shuldiner

22                             Allan D. Shuldiner

                                  Attorneys for Plaintiffs

23

24

25

26

27

28                            11

                                                COMPLAINT
                                              CASE NO.