IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSION PLAN FOR PENSION TRUST FUND FOR OPERATING ENGINEERS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KINO AGGREGATES, INC., et al.,<br><br>Defendants. | Case No. 21-cv-06766-MMC<br><br>**ORDER GRANTING DEFENDANT ELEANOR PLANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is defendant Eleanor Plant's Motion, filed October 12, 2023, "for Summary Judgment or, in the Alternative, Adjudication of Individual Causes of Action." Plaintiffs Pension Plan for Pension Trust Fund for Operating Engineers, James E. Murray, and Dan Reding have filed opposition, to which defendant has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

In the operative complaint, the First Amended Complaint ("FAC"), plaintiffs assert three claims against defendant.  In the First Cause of Action, plaintiffs allege that, in 2016, Kino Aggregates, Inc. ("Kino") "made a complete withdrawal from participation in the Pension Plan" and that, thereafter, plaintiffs "assessed withdrawal liability" against Kino, which amount is jointly and severally owed by defendant, in her alleged capacity as an asserted member of "Kino's controlled group."  (See FAC ¶¶ 22, 30, 31.)  In the Second Cause of Action, plaintiffs allege "Kino has failed to provide the Pension Plan with all necessary information requested by the Pension Plan," and, as relief, assert they

---

[1] By order filed November 13, 2023, the Court took the matter under submission.

1  are entitled to an injunction requiring defendant to provide plaintiffs the requested
2  information.  (See FAC ¶¶ 36, 40, Prayer ¶ 2.)  Lastly, in the Third Cause of Action,
3  plaintiffs allege that after "Kino's corporate status was forfeited," defendant "made
4  distributions to Kino's shareholders rather than to creditors, such as [p]laintiffs," and, as
5  relief, "seek an order imposing a constructive trust on the remaining assets and property
6  received by [d]efendant."  (See FAC ¶¶ 27, 45-47.)

7  By the instant motion, defendant argues she is entitled to summary judgment as to
8  each of the above three Causes of Action.

9  At the outset, to the extent it pertains to the Third Cause of Action, the motion will
10  be granted, plaintiffs having stated they "do[ ] not oppose" such relief.  (See Pls.' Opp. at
11  1:4-5; see also id. at 19:20-21.)

12  With respect to the First and Second Causes of Action, the parties agree
13  defendant cannot be held liable in the absence of a showing that she and her husband
14  together owned, as of 2016, at least 80% of Kino's stock.  (See Def.'s Mot. at 7:20-27,
15  8:21-22; Pls.' Opp. at 4:4-18, 8:16-17.)  In seeking summary judgment on those two
16  Causes of Action, defendant contends plaintiffs lack admissible evidence to establish she
17  and her husband owned the requisite amount of stock in Kino.

18  In that regard, defendant offers plaintiffs' response to an interrogatory, in which
19  plaintiffs, to prove the requisite stock ownership percentages, aver they are relying on
20  "Kino's tax returns from 2008 through 2015," which state defendant and her husband
21  together owned 90% of Kino's stock.  (See Cotter Decl. Ex. F at 5.)  As defendant points
22  out, however, the tax returns are hearsay.  Although plaintiffs assert an exception to the
23  hearsay rule applies, namely, "the admissions against interest exception" (see Pls.' Opp.
24  at 14:24-25), the documents on which plaintiffs rely, specifically, copies of the returns
25  retained by Norman Newell ("Newell"), the accountant who prepared them, are unsigned
26  (see Shuldiner Decl. Exs. N-U), and Newell testified at his deposition that he does not
27  recall who provided him with the stock ownership information set forth therein (see Cotter
28  Decl. Ex. C at 44) nor does he "know who authorized" the returns to be filed (see

1   Shuldiner Decl. Ex. K at 54).

2   The Court finds defendant's showing is sufficient to meet her burden "to show
3   initially the absence of a genuine issue concerning [a] material fact."[2]  See Celotex Corp.
4   v. Catrett, 477 U.S. 317, 325 (1986) (internal quotation and citation omitted) (holding "the
5   burden on the moving party may be discharged by showing – that is, pointing out to the
6   district court – that there is an absence of evidence to support the nonmoving party's
7   case"); see also id. at 319-20 (finding, in case where plaintiff alleged decedent was
8   injured by exposure to defendant's product, defendant met initial burden by relying on
9   plaintiff's answer to interrogatory, in which plaintiff failed to identify witness who could
10  testify about decedent's alleged exposure); Chance v. Pac-Tel Teletrac Inc., 242 F.3d
11  1151, 1160 (9th Cir. 2001) (holding witness's testimony that he "could not recall" event
12  insufficient to create triable issue).

13  Where, as here, a moving party meets its initial burden, "the nonmoving party must
14  produce evidence to support its claim."  See Nissan Fire & Marine Ins. Co. v. Fritz Cos.,
15  210 F.3d 1099, 1103 (9th Cir. 2000).  In this instance, plaintiffs, to establish the requisite
16  stock ownership percentages, cite to no evidence other than the above-referenced tax
17  returns.  As discussed above, however, the returns are insufficient to create a triable
18  issue of fact as to the requisite stock ownership.

19  Consequently, in addition to the Third Cause of Action, defendant is entitled to
20  summary judgment in her favor on the First and Second Causes of Action.

21  Accordingly, for the reasons set forth above, defendant's motion for summary
22  judgment is hereby GRANTED.

23  **IT IS SO ORDERED.**

24  Dated: November 16, 2023

MAXINE M. CHESNEY
United States District Judge

---

[2] In so finding, the Court has not considered defendant's alternative argument that she has, in addition, offered affirmative evidence sufficient to meet her initial burden.